**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| **DONALD W. MYER,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 16-8862 (ES)** |
| | : | |
| **v.** | : | |
| | : | **MEMORANDUM OPINION** |
| **SYED RIZVI, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

SALAS, DISTRICT JUDGE

It appearing that:

1.  This matter is before the Court upon Defendants Syed Rizvi and Lionel Anicette's (collectively, "Defendants") Motion to Dismiss Plaintiff Donald W. Myer's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 10.1. (D.E. No. 25, Defendants' Motion ("Mot.")).

2.  On November 18, 2016, Plaintiff, who was incarcerated at the time, filed a civil rights Complaint alleging denial of medical care against several defendants. (D.E. No. 1). The Court screened his Complaint pursuant to 28 U.S.C. §§ 1915, 1915A and permitted the claims against Defendants to proceed. (D.E. No. 2).

3.  Defendants filed an Answer on February 3, 2017. (D.E. No. 7). Plaintiff then filed a Motion for Appointment of Pro Bono Counsel (D.E. Nos. 9 & 19), a Motion for an Extension of Time to Objections to Defendants' Request for Document Production (D.E. No. 10), and a Motion for an Extension of Time to Respond to Defendants' Interrogatories (D.E. No. 11). The Hon. Michael A. Hammer, U.S.M.J., granted the two extensions of time (D.E. Nos. 12 & 13) and denied

the Motion for Appointment of Counsel (D.E. No. 23).

4.    On August 31, 2017, Defendants filed the instant Motion to Dismiss.   (D.E. No. 25). In their Motion, Defendants argue that despite the fact that the Scheduling Order provided that all fact discovery was to be completed by November 1, 2017, Plaintiff had still failed to provide them with an executed authorization with the name and address for the pharmacy from which he obtained medications prior to his incarceration.   (Mot. ¶ 6).   Defendants argue that Plaintiff's medications at the time of his incarceration, as well as the identity of the prescribing doctors, are important to the defense.   (*Id.* ¶ 7).

5.    Defendants further advise that all mail sent to Plaintiff at Essex County Jail starting in the month of August, including a notice for his deposition, has been returned to sender with no forwarding address.   (*Id.* ¶ 8).   In a prior submission, Defendants also stated that upon information and belief, Plaintiff was released from custody on August 2, 2017.   (D.E. No. 24). He has not updated his address with Defendants or the Court since his release nearly ten months ago.

6.    A defendant may move to dismiss an action or any claim against it "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] rules or a court order."   Fed. R. Civ. P. 41(b).   The Third Circuit has noted that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff."   *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 866 (3d Cir. 1984).   However, dismissal is appropriate if a party fails to prosecute the action.   *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).   Failure to prosecute does not require a party to affirmatively delay the case.   Failing to comply with court orders, failing to respond to discovery, or otherwise failing to act may constitute lack of prosecution.   *Adams v. Trustees of the N.J. Brewery Emps.'*

*Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994).

7.    Courts generally consider the factors outlined in *Poulis* in determining whether dismissal is warranted.   These six factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) availability of alternative sanctions; and, (6) the meritoriousness of the claim. *Poulis*, 747 F.2d at 868.   "Not all of these factors need be met for a district court to find dismissal is warranted."   *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

8.    It is the responsibility of every unrepresented party, whether incarcerated or not, to keep this Court and the other parties apprised of his current mailing address.   L. Civ. R. 10.1(a). Since his release from jail at the beginning of August, Plaintiff has not provided Defendants or the Court with a current address or other contact information.   Plaintiff alone bears this responsibility. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) ("It is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney.").   The first factor therefore weighs in favor of dismissal.

9.    "[P]rejudice is not limited to 'irremediable' or 'irreparable' harm.   It also includes 'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'"   *Id.* at 259 (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). Here, while Plaintiff responded to Defendants' requests for medical records authorizations for two hospitals and one pharmacy, Plaintiff failed to respond to Defendants' request for an authorization from the pharmacy from which he was obtaining his medications at the time of his incarceration. Moreover, Plaintiff failed to respond to Defendants' deposition notice.   Certainly, both the pharmacy records and Plaintiff's deposition are of the utmost importance in this case where the

issues relate to the adequacy of medical care that Plaintiff received.   Therefore, the second factor also weighs in favor of dismissal.

10.   "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874.   Although Plaintiff's dilatoriness did not begin until he was released from custody, it has been ongoing for the past nine months and counting with no response to any correspondence or requests from Defendants.   The continued failure to participate in these proceedings has resulted in the missing of court-ordered deadlines; in fact, all deadlines contained in the Scheduling Order have now expired.   Accordingly, the third factor weighs in favor of dismissal.

11.   In spite of Plaintiff's continuing failure to communicate with Defendants and this Court, there are insufficient facts to warrant an inference of bad faith or willfulness.   "Willfulness involves intentional or self-serving behavior." *Id.* at 875.   Conduct that is "merely negligent or inadvertent" is not "contumacious," *Briscoe*, 538 F.3d at 262, and the "absence of a good faith effort to prosecute . . does not necessarily amount to willfulness or bad faith as [the Third Circuit] has defined it." *Adams*, 29 F.3d at 876.   Even "inexcusabl[y] negligent behavior" does not meet the *Poulis* standard of willfulness. *Id.*   Defendants have not submitted anything to this Court that would warrant an inference that Plaintiff was acting in bad faith either when he initially failed to update his address or when he continued to do so.   As the record is insufficient to support an inference of bad faith, the fourth factor does not weigh in favor of dismissal.

12.   The fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions short of dismissal.   Plaintiff is proceeding *pro se* and *in forma pauperis*, therefore monetary sanctions would not be an effective alternative. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 191

(3d Cir. 2002).   The Court's denial of Plaintiff's request for pro bono counsel (D.E. No. 27) and Defendants' discovery requests and motions have been returned as undeliverable, and there is no new address available to the Court at which Plaintiff could be contacted.   It therefore does not appear that further orders imposing less severe sanctions would reach Plaintiff and garner a response.   *See Archie v. Dep't of Corr.*, No. 12-2466, 2015 WL 333299, at *3 (D.N.J. Jan. 23, 2015) (citations omitted).   The Court finds that no sanction short of dismissal would be effective.

13.   Finally, "[g]enerally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim."   *Briscoe*, 538 F.3d at 263.   The Court determined in its § 1915 screening that several of Plaintiff's claims sufficiently stated a claim for relief when viewing the facts in the light most favorable to Plaintiff.   "A fortiori, these claims surpassed the Rule 12(b)(6) motion to dismiss standard, and under the *Poulis* analysis, his claims are deemed to have merit."   *Id.*   The sixth factor does not weigh in favor of dismissal.

14.   On balance, the *Poulis* factors weigh in favor of dismissal for lack of prosecution. The Court finds particularly meaningful the prejudice Defendants have incurred by the obstruction of their ability to prepare their defense and the fact that Plaintiff has not contacted the Court since his release approximately ten months ago.   Given Plaintiff's failure to participate in these proceedings, and the inability of the Court to ascertain his current whereabouts, there does not appear to be any way to continue this litigation.

15.   Based on the foregoing, the Court will dismiss the Complaint.[1]   An appropriate Order follows.

_s/Esther Salas_
**Esther Salas, U.S.D.J.**

---

[1]      Given Plaintiff's *pro se* prisoner status, the Court dismisses this action *without prejudice* as set forth in the accompanying Order.   *See Stewart v. Taylor*, No. 11-5983, D.E. No. 4 (D.N.J. Dec. 12, 2011) (dismissing *pro se* prisoner's petition without prejudice where the petitioner failed to comply with Local Civil Rule 10.1(a) and having considered the *Poulis* factors).